UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GARY HAMELL-EL, | ) | CASE NO.  4:08 CV 415 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| J.T. SHARTLE, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

Pro se petitioner Gary Hamell-El filed a petition in this court on February 20, 2008 for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Mr. Hamell-El, who is incarcerated in the Federal Correctional Institute in Elkton, Ohio (F.C.I. Elkton), filed the petition against J.T. Sniezak, the warden at F.C.I. Elkton.  He maintains he is being illegally detained because he is "actually and factually" innocent.

*Background*

Mr. Hamell-El was indicted in 1988 in the United States District Court for the Eastern District of Missouri.  United States v. Amerson, et al., No. 88-245CR (E.D. Mo. 1988). He was charged with possession of firearms by a felon in violation of 18 U.S.C. § 922(g)(1).

Following a three day trial, petitioner was convicted of the charges and sentenced. Mr. Hamell-El and his co-defendants appealed their convictions to the Eighth Circuit Court of Appeals. The court held that the refusal to excuse for cause potential jurors who indicated during voir dire they would give greater credence to testimony of police officers than testimony of other witnesses was reversible error. See Amerson v. United States, 938 F.2d 116 (8th Cir. 1991). The defendants' convictions were reversed and the case was remanded to the district court for a new trial.

Upon remand, the government sought to retry the defendants based on the original indictment, but because the district court scheduled the defendants' new trial beyond the Speedy Trial Act's time limit, see 18 U.S.C. § 3161(e) (1988), the district court dismissed the case without prejudice. The following day, the government proceeded to the grand jury and reindicted the defendant that day. The new indictment was issued January 29, 1992, but was incorrectly labeled as a "superseding indictment" rather than initiating a new one. The government filed a motion to correct the labeling of the indictment so that the Clerk could assign a new case number. The court instructed the government to secure the signature of the grand jury foreperson on a new indictment designated as a new case. The grand jury person was unavailable, however, and the court issued an order "to show the actual sequence of events, the intent of the parties, and the intent of the Court."(Pet.'s Ex. 1, United States v. Hamell-El, et al., No. 88-245-CR(4)(E.D. Mo. Jan. 30, 1992)(Order)).

A new indictment was issued on January 30, 1992 under Case No. 92CR23 and assigned to Judge Cahill for trial. The defendants were retried and reconvicted. Mr. Hamell's sentence of 15 years was enhanced under 18 U.S.C. § 924(e)(1). The defendants appealed. Petitioner complains that after his attorney filed an appellate brief with the court, she was

2

permitted to withdraw without replacement counsel during oral arguments.[1] As a result, he claims his "first issue," or the constitutionality of the second indictment, was overlooked by the court. The Eighth Circuit affirmed the defendants' convictions and held that: (1) defendants could be reindicted; (2) any technical errors in second indictment were not reversible; (3) evidence supported convictions; (4) evidentiary rulings were within court's discretion; (5) court cured error in jury instruction; and (6) sentences were properly enhanced. United States v. Hamell, 3 F.3d 1187 (8th Cir. 1993), cert. denied, Hamell v. United States, 510 U.S. 1138 (1994).

Petitioner states that he subsequently filed a collateral attack of his sentence. He notes that he failed to challenge the constitutionality of the second indictment because he was "under the illusion that this issue had been dealt with at the appeal level." (Pet. at 3.)

*Analysis*

Mr. Hamell-El argues that he is innocent of the charges filed against him in the second indictment. He rests this argument on the belief that he was "convicted without any formal charge, to wit, a valid indictment returned by a Grand Jury . . .". (Pet. at 3.) He asks for immediate release from prison or an inquiry into the "legitimacy and legality of his continued detention." (Pet. at 3.) He maintains that "in this regard, the petitioner says he is factually and actually innocent of the accusations. See: Bousley v. U.S., 523 U.S. 614 (1998), and U.S. v. Peterman, 249 F.3d 458 (6th Cir. 2001)." (Pet. at 3.)

*Standard of Review*

---

[1] A copy of attorney Jane Hogan's Motion to Withdraw as counsel for Mr. Hamell, date stamped "Received April 5, 1993" by the Court of Appeals for the Eighth Circuit, is attached as Exhibit 2 of the petition. Ms. Hogan states in her motion that "[a]ppellant has demanded that counsel withdraw immediately from all representation of him in any and all matters." (Pet.'s Ex. 2, United States v. Hamell, No. 92-2369 (8th Cir. Apr. 5, 1993)(Mot. Withdraw)).

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. For the reasons set forth below, it is apparent that petitioner is not entitled to an award of the writ for which he applying.

*28 U.S.C. § 2241*

Claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979). A federal prisoner may not challenge his conviction and sentence under 28 U.S.C. § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.1999); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. See Bradshaw, 86 F.3d at 166.

Mr. Hamell-El has failed to show that his § 2255 remedy is inadequate or ineffective. His claim that he failed to challenge the constitutionality of the second indictment against him because he mistakenly thought it had already been raised on appeal does not render his relief under § 2255 inadequate. A prisoner's remedy under § 2255 is not inadequate or

4

ineffective merely because he is time-barred or otherwise procedurally barred from seeking relief under § 2255, has already filed one motion to vacate, or because he has been denied permission to file a second or successive motion to vacate. United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001).

Unlike other prisoners who have obtained review of their viable innocence claims under § 2241 because they did not have a prior opportunity to present their claims, see, e.g., In re Davenport, 147 F.3d 605, 609, 611 (7th Cir.1998), Mr. Hamell-El had the opportunity to raise his claim in a § 2255 motion to vacate. The basis for his assertion that he is "actually and factually" innocent rests on his claim that the second indictment filed against him was defective. Not only is this an issue which could be immediately attacked on appeal or collaterally in the district court, it is an issue of "legal sufficiency." "'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" Martin v. Perez, 319 F.3d 799, 804 (6th Cir.2003)(quoting in Bousley v. United States, 523 U.S. 614, 623 (1998)). "Actual innocence" in this regard means factual innocence, rather than mere legal insufficiency. Id. Petitioner has failed to allege he is actually innocent of the charges filed in the second indictment against him. See Lott v. Davis, No. 03-6172, 2004 WL 1447645, at *2 (6th Cir. June 18, 2004)("it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause"); Martin, 319 F.3d at 804;  Peterman, 249 F.3d at 462.

Based on the foregoing, the petition is dismissed pursuant 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

5

IT IS SO ORDERED.

Dated: June 4, 2008    *s/     James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE